
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| WAYNE TALEFF; et al., | No. 11-17995 |
| Plaintiffs - Appellants, | D.C. No. 3:11-cv-02179-JW |
| v. | |
| SOUTHWEST AIRLINES CO.; et al., | MEMORANDUM[*] and ORDER |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted January 15, 2014[**]
San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE,[***] Senior District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Raymond J. Dearie, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Appellants, direct purchasers of airline tickets, appeal the district court's dismissal of their Clayton Act challenge to a $1.4 billion merger consummated by Appellees Southwest Airlines, Guadalupe Holdings, and AirTrans Holdings. The district court granted Appellees' motion to dismiss with prejudice, reasoning that Appellants are not entitled to injunctive relief in the form of a divestiture order under 15 U.S.C. § 26, and do not request any alternative relief. We review the dismissal de novo, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009), and we affirm.

The district court correctly held that Appellants failed to demonstrate entitlement to divestiture. *See Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013) (stating standard of review for injunctive relief). Appellants were required to make a fact-based showing of entitlement to that drastic and rarely awarded remedy. *California v. Am. Stores Co.*, 495 U.S. 271, 295–96 (1990). Appellants' asserted injuries are limited, however. They offer no evidence of threatened or actual specific injuries to themselves, and proffer no support for their generalized claims of injury to consumers and competition. In addition, as the district court noted, Appellants delayed filing suit until roughly seven months after learning of the proposed transaction, and thus allowed the deal to close—thereby significantly increasing

2

the disruption to Appellees' operations and the hardship to Appellees' stockholders and passengers caused by divestiture. Under these circumstances, Appellants' factual allegations are insufficient to show that the balance of hardships will tip in their favor or that divestiture would not disserve the public interest. *Am. Stores Co.*, 495 U.S. at 295–96. It follows that Appellants fail to state a claim for relief.

The district court did not err by dismissing the case with prejudice. Any amendment would be futile in light of the hardship analysis required, given Appellants' delayed filing and the heightened consequences that would result from divestiture. *Cf. Carvalho v. Equifax Info. Servs.*, 629 F.3d 876, 892–93 (9th Cir. 2010). In so concluding, we note that Appellants have neither proposed any specific amendments that would redress the fatal defects in their plea for relief nor request any other form of remedy, and they have already amended their pleadings and litigated the availability of divestiture twice without success.[1] *See Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013).

**AFFIRMED.**

---

[1] We grant Appellants' request for judicial notice of a Department of Justice press release dated April 26, 2011, announcing the closure of its investigation into the challenged merger, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010), but decline to take notice of Appellants' other submitted materials because they are either inappropriate for judicial notice under Federal Rule of Evidence 201 and/or irrelevant under Rule 401.